### THOMAS *v.* MORTON SALT CO.

1. Infants—Abrogation of Disability to Contract.
   Legislature may abrogate disability of infants to contract.

2. Master and Servant—Workmen's Compensation Act—Infants.
   Employed minors between ages of 16 and 18 years, whether legally or illegally employed, are within terms of workmen's compensation act (Act No. 162, Pub. Acts 1927), unless, in accordance with its terms, they elect otherwise.

Applicability and effect of workmen's compensation act in case of injury to minors, see annotation in 14 A. L. R. 818; 33 A. L. R. 337; 49 A. L. R. 1435; 60 A. L. R. 847.

3. SAME—CONTRACTS—ILLEGAL EMPLOYMENT OF MINORS—CHILD
   LABOR LAWS.
   > Act No. 162, Pub. Acts 1927, subjecting employed minors be-
   > tween ages of 16 and 18 years, whether legally or illegally
   > employed, to provisions of workmen's compensation act, abro-
   > gates to certain extent judicial rule that contract of employ-
   > ment made in violation of child labor laws carrying criminal
   > penalties is void.

4. SAME—CONSTITUTIONAL LAW—ESTOPPEL.
   > Employed minor between 16 and 18 years of age, whether legally
   > or illegally employed, who elects to accept benefits of work-
   > men's compensation act (Act No. 162, Pub. Acts 1927), is
   > estopped to deny its constitutionality.
   > McDONALD, J., dissenting.

Error to St. Clair; George (Fred W.), J. Sub-
mitted June 5, 1930. (Docket No. 45, Calendar No.
35,042.) Decided April 7, 1931.

Case by Howard Thomas, administrator of the
estate of Harold J. Pringle, a deceased minor 17
years of age, against Morton Salt Company, for
personal injuries resulting in the death of plaintiff's
decedent while in defendant's employ. Judgment
for plaintiff. Defendant brings error. Reversed.

*Stewart & Black,* for plaintiff.

*Cady & Pepper,* for defendant.

McDONALD, J. (*dissenting*). This action was
brought to recover damages for injuries resulting
in the death of Harold James Pringle, alleged to
have been caused by the negligence of the defend-
ant.

At the time of the accident, Harold James Pringle
was a minor. The plaintiff claims he was between
17 and 18 years of age. He was employed by the

defendant as an electrician's helper in its Marysville plant. His duties consisted of oiling and greasing electric motors situated in various parts of the plant, some of which were suspended over large steel vats. In these vats there was constantly maintained about 21 inches of boiling hot brine. The electric motors were made accessible to the workmen by a ladder at the side of each vat from which they could climb onto a wooden platform extending across and above the roof. On February 21, 1929, at about three o'clock in the afternoon, Harold Pringle climbed up onto one of these platforms to grease and oil a motor. The platform gave way and he fell into the hot brine below. He crawled out and walked about 50 feet before he was discovered by another workman. He was rushed to the hospital, where he died at ten o'clock that night. His parents filed a claim for compensation with the department of labor and industry. A day for hearing was set before a deputy commissioner. In the meantime they retained counsel, who unsuccessfully sought to discontinue the proceedings. The deputy commissioner rendered an award in favor of the claimants. An appeal was taken, a formal motion to discontinue was denied by the commissioner, and an order was entered affirming the award of the deputy. The award is now in this court for review. On August 12, 1929, this common-law action was commenced. The trial resulted in a verdict for the plaintiff for $25,000. In refusing a motion for a new trial, the court required the plaintiff to file a remittitur of $5,000. Judgment was entered for $20,000. The defendant has brought error.

The principal question involved relates to the jurisdiction of the court to determine the plaintiff's rights in a common-law action. It is the defendant's

theory that the case lies within the provisions of the workmen's compensation law, as amended in Act No. 162, Pub. Acts 1927 (see 2 Comp. Laws 1929, § 8413), and therefore the plaintiff is barred from a common-law action. It is the plaintiff's claim that the amendment of 1927 does not apply to cases of illegal employment such as this, and, if it does, it is unconstitutional for reasons which we shall presently discuss.

The first question to be considered is whether the 1927 amendment to the workmen's compensation act applies to cases where the accidental injury is to a minor between the ages of 16 and 18 who is unlawfully employed. The applicable parts of the amendment read as follows:

"SEC. 7. The term 'employee' as used in this act shall be construed to mean: * * *

"2. Every person in the service of another, under any contract of hire, express or implied, including aliens, including working members of partnerships, receiving wages irrespective of profits from such, and also including minors, who, for the purpose of this act, shall be considered the same and have the same power to contract as adult employees: *Provided*, that any minor between the ages of sixteen and eighteen years whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits, or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act."

Before this amendment, all minors illegally employed were excepted from the compensation act. The statute then in force in defining the term "employee" said:

"And also including minors who are legally permitted to work under the laws of the State."

This language is omitted from the amendment, which fact, together with the statement in the proviso, shows the legislature intended to adopt a new policy with respect to the employment of minors and to bring all, including those illegally employed, within the operation of the compensation law.

But we are of the opinion that in bringing all illegally employed minors within the law, separating them into two classes and awarding twice as much compensation to one class as to the other, the legislature has established an illegal classification both as to employers and to minors in contravention of the equal protection clause of the Constitution.

The constitutional test is stated in *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8, as follows:

"It is within the power of the legislature to classify both employers and employees, if the classification is not fanciful or arbitrary and for reasons of public policy, is based upon substantial distinctions, is germane to the object sought to be accomplished by the act, not limited to existing conditions only, and applies impartially and equally to each member of the class."

Applying this test to the act in question, it will readily appear that the classification is unreasonable and arbitrary, that it is based upon no substantial distinctions and does not apply impartially and equally to each member of the class. What good reason is there for giving illegally employed minors under 16 years of age only half as much compensation as those illegally employed minors who are between 16 and 18? Why should an employer who illegally employs minors over 16 years of age be required to pay double compensation while those who employ minors under 16 pay single compensation? If employers are to be penalized for

illegally employing minors, it would seem more in harmony with reason and justice to impose the penalty on those who employ the younger class. Clearly the classification gives privileges and immunities to some which it denies to others of the same class. It violates the constitutional guaranty as to equal protection of the laws and is therefore invalid. The trial court was right in so holding.

But it is claimed that, as the minor in this case elected to come under the compensation act, his administrator is estopped from denying its validity. In *Cooley* v. *Boice Bros.,* 245 Mich. 325, we held that, having accepted the benefits of the act by electing to be bound by its provisions, the employer was estopped from questioning its constitutionality. Of course, the same rule applies to employees. The question is whether it should be applied in this case.

The amendment does not repeal or modify the child labor law. In that law is expressed the public policy of the State in regard to the employment of minors. It prohibits, under penalty, their employment except in compliance with certain conditions. These conditions were not complied with by the defendant in employing Harold Pringle. The contract was more than illegal. It was a complete nullity. It was prohibited under penalty by statute and therefore was utterly void. It was incapable of being confirmed or ratified and no estoppel could arise against the minor for acting or failing to act under it.

"It is a well-settled principle of law that all contracts which are founded on an act prohibited by a statute under a penalty are void, although not expressly declared to be so." *In re Reidy's Estate,* 164 Mich. 167.

See, also, *Cashin* v. *Pliter,* 168 Mich. 386 (Ann. Cas. 1913C, 697).

"Such a contract has no existence whatever. It has no legal entity for any purpose, and neither action nor inaction of a party to it can validate it; and no conduct of a party to it can be invoked as an estoppel against asserting its invalidity. The authorities are uniformly agreed on this principle." 6 R. C. L. p. 819.

The legislature cannot create a master and servant relation out of a void contract. It has not attempted to do so by this amendment. The most that can be said is that it allows a minor to contract and become an employee within the meaning of the act though his employment is illegal. But as we have already pointed out, there is a wide difference between an illegal contract and a void contract. A void contract is no contract at all. It does not exist. It cannot be rescinded because there is nothing to rescind. It cannot be enforced because there is nothing to enforce. There can be no election under it. For these reasons, the decedent's administrator is not estopped from attacking the constitutionality of the amendment.

In another assignment, error is claimed because of the refusal of the court to submit the question of contributory negligence to the jury.

There were no eyewitnesses to the accident. The plaintiff put in evidence all of the facts and circumstances attending the injury which did not show any contributory negligence on the part of the decedent. There was no other testimony from which an inference of contributory negligence could be drawn. In view of this complete lack of evidence, the court was right in refusing to submit the question to the jury. *Teipel* v. *Hilsendegen,* 44 Mich. 461.

In a motion for a new trial it was urged that the verdict was excessive. The court reduced it to $20,000 and entered a judgment for that amount.

We are not inclined to disturb his conclusion. It is true the jury awarded large damages but the sum awarded is reasonably within the evidence as to pain and suffering and the loss of earnings. The decedent lived for seven hours after the injury. During all of that time he suffered the most excruciating pain. He was an industrious young man and at the time of his death had an earning capacity of $24 a week. His life expectancy was 43 years. The trial court said:

"Using these figures and the established rule relating to determination of present value of sums payable in the future, a computation of a sum in excess of $14,000 might reasonably be arrived at, representing the present value of the decedent's prospective earnings after he would have attained his majority."

If the amount of the verdict for pain and suffering and for loss of earnings is within reason, in view of the evidence, this court should not call it excessive. In this case, uninfluenced by any other consideration than that of the evidence, the jury could have computed the damages at the amount of $20,000. Such an amount is not excessive.

Other questions presented by the record require no discussion. The case was well tried. In a very clear charge, the court correctly submitted the issues to the jury. The defendant has no just cause for complaint.

The judgment should be affirmed, with costs to the plaintiff.

POTTER, J. Plaintiff brought suit to recover damages for the death of Harold J. Pringle, recovered judgment in a substantial amount, and defendant brings error. If Act No. 127, Pub. Acts 1927 (see

2 Comp. Laws 1929, § 8413), is constitutional, plaintiff cannot recover, but the remedy for the injury and death of decedent, if any, is under the workmen's compensation law. Decedent was, at the time of the injury which resulted in his death, between the ages of 16 and 18 years.

The accident involved occurred February 21, 1929. It is claimed Act No. 162, Pub. Acts 1927, is unconstitutional, in so far as it applies to minors between the ages of 16 and 18 years, illegally employed, and the trial court so held. The injured employee died before a claim was filed for compensation and before suit brought. It will not be controverted that, at common law, any right of action which an injured employee might have against his employer, for the latter's negligent injury of the employee, died with the party injured. To remedy this condition, the so-called survival act (3 Comp. Laws 1929, § 14040 *et seq.*) was passed, under which the right of action which the deceased employee may have had, in his lifetime, against his employer, survived the employee's death and passed to his personal representative, as an asset to be recovered for the benefit of the estate of deceased. A sentiment was generated that, no death act being in force, when an employer saw that injury to an employee was inevitable, he preferred his instant death to his severe injury—that lives of employees were needlessly sacrificed—because it was cheaper for the employer, and, as a result, the death act (3 Comp. Laws 1929, §§ 14061, 14062) was passed, which provided a new and distinctly different cause of action, which did not exist at common law, the proceeds of which were not assets of his estate, and did not pass by the death of the person killed to his personal representative. It will not be claimed it was not competent

for the legislature to abolish the survival act, the death act, the common-law liability of the employer for the negligent injury of an employee, and the right of action given to survivors under the death act, and substitute in the place thereof the certainty of compensation for injury, regardless of the negligence of the employer, the contributory negligence of the employee, assumed risk, or the negligence of fellow servants. This was done by the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*) which has been declared to be a constitutional exercise of the police power.

When 2 Comp. Laws 1915, § 5429, was in force, the employer was guilty of negligence, as a matter of law, in illegally employing a minor, and was deprived of the defenses of negligence of fellow servants and assumption of risk. *Gee* v. *Brunt,* 214 Mich. 679; *Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208; *Szelag* v. *Jordan,* 223 Mich. 672; *Gwitt* v. *Foss,* 230 Mich. 8; *Kucinski* v. *City Laundry & Cleaning Works,* 242 Mich. 352.

Act No. 162, Pub. Acts 1927 (see 2 Comp. Laws 1929, § 8413), in force when the accident here involved occurred, provides:

"That any minor between the ages of sixteen and eighteen years whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act."

The position taken by plaintiff, as I understand it, is based upon the operation of the statute, which provides:

a. As to minors under 16 years of age, illegally employed, the employer is guilty of negligence as a

matter of law, and is deprived of the defenses of assumed risk and of negligence of fellow servants, and may be held liable in a common-law action for all the damages resulting from the injury;

b. That as to persons between the ages of 16 and 18 years, illegally employed, the statute holds the employer liable thereunder for single compensation only if he acted in good faith, in reliance upon a certificate of employment or of age, which, though false in fact, was fraudulently used by the person employed, to induce the employment; and

c. That where the person illegally employed is between the ages of 16 and 18 years, and without contributory fraud upon his part, the employee is held entitled to double compensation;—

and it is contended this classification is unreasonable, arbitrary, based upon no substantial distinction, and does not apply impartially and equally to age or class.

There is no question but the statute, as to persons over 18 years of age and as to minors under 16 years of age, is valid. The question is whether it is invalid as applicable to minors between 16 and 18 years of age. It is competent for the legislature to enact legislation applicable to particular classes of persons employed, so long as the classification has some basis in reason, and the law is equally applicable to all persons of each particular class. It is immaterial whether the court agrees with the basis of classification or not; so long as it is based upon reason, it is a subject for legislative consideration and determination. Is there any basis in reason which may have prompted legislative action, upon which the classification of persons, between 16 and 18 years of age, may rest?

By 2 Comp. Laws 1915, § 5331 (see 2 Comp. Laws 1929, § 8425), the employment of children between 14 and 16 years of age in manufacturing establishments was prohibited, unless a permit was issued, delivered to the employer and placed on file in its business office; and "every employer complying with the provisions of this section shall be at liberty to employ the person so presenting the permit hereinbefore referred to, and is justified in considering and treating such person as of the age shown in such permit and shall not be liable, if it transpire that such person is under the age represented in such permit, to any greater extent than such employer would be liable if such person were of the age represented." This provision was substantially reenacted by Act No. 280, Pub. Acts 1917. By Act No. 206, Pub. Acts 1923, the age limit was raised to 17 years, and by Act No. 312, Pub. Acts 1925, the age limit was raised to 18 years, all with the same provision as to the employer's liability as contained in 2 Comp. Laws 1915, § 5331.

Act No. 162, Pub. Acts 1927, brought the workmen's compensation law into harmony with the statute of 1925 regulating the employment of children. The legislature had a right to consider the size, age, and probable discretion of the minor, the ease with which he might perpetrate fraud upon the employer, inducing his employment, and to provide that if injured or killed, if he had fraudulently induced his own illegal employment, the same compensation should accrue as if he were legally employed. The employer, acting in good faith, ought not to be penalized. On the other hand, it could well consider that the statute prohibited the employment of minors between 16 and 18 years of age without a permit, and hold the employer liable for

double compensation, in case such minor was wrongfully employed, without such permit. Double compensation might be considered in the nature of a penalty imposed for an intentional, careless, or negligent violation of law, cast, by the statute, in case of death of the minor employee, upon his dependents.

Act No. 162, Pub. Acts 1927, covers—

"Every person in the service of another, * * * including minors, who, for the purpose of this act, shall be considered the same and have the same power to contract as adult employees."

It is a complete answer to plaintiff's assault upon the validity of the statute that, by accepting its benefits, he is estopped to deny the validity of the act. *American Life Ins. Co.* v. *Balmer,* 238 Mich. 580; *Cooley* v. *Boice Bros.,* 245 Mich. 325; *Booth Fisheries Co.* v. *Industrial Commission,* 271 U. S. 208 (46 Sup. Ct. 491).

The statute is constitutional, the judgment reversed, and the case remanded for disposition under the workmen's compensation law.

FEAD, J. I concur in reversal without a new trial. The legislature may abrogate the disability of infants to contract. Act No. 162, Pub. Acts 1927 (see 2 Comp. Laws 1929, § 8413), grants minors "the same power to contract as adult employees" for the purposes of the workmen's compensation law, and subjects them, whether legally or illegally employed, to its operation, unless, in accordance with its terms, they elect otherwise. To this extent it abrogates the judicial rule that a contract of employment made in violation of child labor laws carrying criminal penalties is void. The minor employee is under the same estoppel as the employer to deny constitutionality.

To avoid misunderstanding, attention is called to the fact that the minor at bar was over 16 years of age and the effect of Act No. 162 upon minors under that age is not in issue nor passed upon.

BUTZEL, C. J., and WIEST, CLARK, and NORTH, JJ., concurred. SHARPE, J., did not sit.