GORDON *v.* SMITH BROTHERS.

1. WORKMEN'S COMPENSATION—CONSTRUCTION OF ACT.

The workmen's compensation act is a statute in derogation of the common law permitting no enlargement by principles of equity or common-law adaptations; where it speaks nothing can be added nor changed by judicial pronouncement and it measures exclusive relief in its own terms.

2. SAME—ILLEGALLY EMPLOYED MINOR—DEATH—DEPENDENTS EN-
TITLED TO SINGLE COMPENSATION.

Dependents of an illegally employed minor who died as a result
of injuries are entitled to but single compensation, double
compensation being provided by statute for minor only (2
Comp. Laws 1929, § 8413[2]).

Appeal from Department of Labor and Industry. Submitted April 6, 1938. (Docket No. 31, Calendar No. 39,908.)    Decided June 6, 1938.

John and Caroline Gordon, parents of John M. Gordon, Jr., presented their claim against Smith Brothers, employer, and Michigan Mutual Liability Company, insurer, for double compensation for death of their son while in defendant's employ. Award of double compensation to plaintiffs. Defendants appeal. Reversed and remanded for entry of award of single compensation.

*Octavio Perez-Guerra,* for plaintiffs.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

BUSHNELL, J.    Defendants appeal from an order of the department of labor and industry, awarding plaintiffs double compensation as dependents of their deceased son, John.

John was born January 30, 1919.    On November 27, 1936, while yet under the age of 18, he was employed by defendant Smith Brothers as a driver of a city delivery truck.    He was injured on December 19th and died five days later.

Plaintiffs sought recovery under 2 Comp. Laws 1929, § 8413 (2) (Stat. Ann. § 17.147 [2]), which reads in part:

"Provided, that any minor under eighteen years of age whose employment at the time of injury shall be shown to be illegal shall, in the absence of

fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act.''

Plaintiffs argue that the words ''elsewhere in this act'' include 2 Comp. Laws 1929, § 8421 (Stat. Ann. § 17.155) which provides for the compensation to be paid the dependents of an employee who dies as a result of a compensable injury. See 2 Comp. Laws 1929, § 8417 (Stat. Ann. § 17.151).

We cannot agree with this interpretation of the language of section 8413.

''The compensation act is in derogation of the common law and, therefore, its measure of relief may not be extended beyond its express terms; it is a legislative creation permitting no enlargement by principles of equity or common-law adaptations. It is arbitrary and where it speaks nothing can be added nor changed by judicial pronouncement. It imposes liability upon operatives under its provisions and measures exclusive relief in its own terms.'' *Tews* v. *C. F. Hanks Coal Co.*, 267 Mich. 466.

The statute does not provide double compensation to dependents but only to the minor, and we are not at liberty to enlarge the scope of the clear limitations of the legislative enactment.

Because of the limitation expressed by the language of section 8413, it is unnecessary to consider other questions raised by the appeal.

The order of the department is vacated and the cause is remanded for the entry of an award of single compensation to the plaintiffs. Costs to appellants.

Wiest, C. J., and Butzel, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.