STUART v. SPENCER' COAL CO.

1. STATUTES—CONSTRUCTION.
When the meaning of a statute is plain, a court does not speculate on what reason the legislature had for passing it.

2. WORKMEN'S COMPENSATION—ILLEGALLY EMPLOYED MINOR UNDER 18—DOUBLE COMPENSATION.
Since the workmen's compensation law plainly states that an illegally employed minor under 18 years of age should, in

the absence of fraudulent use of permits or certificates of age, receive *compensation* double that provided elsewhere in the act, the Supreme Court would not call the payment otherwise (2 Comp. Laws 1929, § 8325; § 8413 [2], as amended by Act No. 107, Pub. Acts 1939).

3. SAME—DEPARTMENT OF LABOR AND INDUSTRY—POWERS.
The department of labor and industry is an administrative tribunal only and performs quasi-judicial duties but it is not possessed of general equitable and legal powers (2 Comp. Laws 1929, § 8455).

4. SAME—INSURANCE—APPORTIONMENT OF LIABILITY.
The policy of an insurer carrying an employer's risks under the workmen's compensation act must contain provisions required by the act which require that insurer will pay all workmen's compensation for which insured should become liable and defining obligations thereby assumed is not an instrument from which the department could relieve the insurer from liability irrespective of whatever equities there might be between the insured and the insurer (2 Comp. Laws 1929, § 8460).

5. SAME—INSURANCE—PURPOSE.
The primary purpose of the insurance requirement under the workmen's compensation act is the protection of the injured employee.

6. SAME—DOUBLE LIABILITY—ILLEGALLY EMPLOYED MINOR UNDER 18 —INSURANCE.
The department of labor and industry may not apportion the double liability, imposed for injury to an illegally employed minor under 18 years of age, between the employer and the workmen's compensation insurance carrier (2 Comp. Laws 1929, § 8413 [2], as amended by Act No. 107, Pub. Acts 1939; §§ 8455, 8460).

Appeal from Department of Labor and Industry. Submitted October 8, 1943. (Docket No. 52, Calendar No. 42,449.) Decided December 29, 1943.

Robert Stuart presented his claim for compensation against Spencer Coal Company, employer, and Massachusetts Bonding & Insurance Company, in-

surer. Award to plaintiff. Massachusetts Bonding & Insurance Company appeals. Affirmed.

*Mann & Ash (Eugene F. Black, of counsel), for plaintiff.*

*Walsh, Walsh, O'Sullivan & Schlee, for defendant Spencer Coal Company.*

*James A. Markle, for defendant Massachusetts Bonding & Insurance Company.*

BOYLES, C. J. The plaintiff, Robert Stuart, a minor under the age of 18 years, was employed by defendant Spencer Coal Company without a work permit as required by 2 Comp. Laws 1929, § 8325 (Stat. Ann. § 17.20). On September 30, 1941, while in the course of his employment, his right hand became caught in moving machinery, causing injuries which resulted in the loss of the second, third and fourth fingers of that hand. It is conceded that plaintiff was illegally employed when injured, that his average weekly wage was $17.58, and that he is entitled to weekly compensation of $23.44, double the amount which he would otherwise receive, for 65 weeks for the loss of the members. The department of labor and industry accordingly awarded compensation for the double amount against both the employer and its insurer, the Massachusetts Bonding & Insurance Company. The insurer appeals from the award, claiming that it should be held liable only for "single" compensation, and that the rest of the statutory "double" compensation is a penalty for which the employer alone is liable. That is the sole question for review. The insurance and the insurer's liability is admitted.

The argument is as to the amount—whether single or double compensation.

Paragraph 2 of section 7* of part 1 of the workmen's compensation law, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended (2 Comp. Laws 1929, § 8413 [2], Stat. Ann. § 17.147 [2]), provides in part:

"*Provided,* That any minor under eighteen years of age whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act."

We need not speculate on whether the legislature intended by this provision to penalize the employment of minors, as claimed by appellant, or whether the legislature had in mind a greater need for compensation by a minor under 18 years of age because of lesser earning capacity, a longer life period of a crippling condition, or for some other reason. The statute plainly refers to the payment as *compensation* and we see no impelling reason for calling it otherwise.

Appellant has contracted that it will pay plaintiff the amount of the award. The statute sets forth the terms which must be in every policy of workmen's compensation insurance. Section 1 of part 4 of the act (2 Comp. Laws 1929, § 8460 [Stat. Ann. § 17.195]) provides that every policy of insurance shall contain, among others, the following provisions:

"Compensation. (a) That it will pay to the persons that may become entitled thereto all work-

* This section was amended by Act No. 107, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8413 [2], Stat. Ann. 1940 Cum. Supp. § 17.147), in a manner not material to the decision of this case.— Reporter.

men's compensation for which the insured employer may become liable under the provisions of act number ten, of the public acts of Michigan of the first extra session of nineteen hundred twelve, as amended, or as it may be hereafter amended on account of all accidents happening to his employees during the life of this contract or policy;   *   *   *

"OBLIGATIONS ASSUMED.   (e) That it hereby assumes all obligations imposed upon the said employer by his acceptance of the Michigan workmen's compensation law, as far as the payment of compensation, death benefits, or for medical, surgical or hospital care or medicines is concerned."

The department of labor and industry performs quasi-judicial duties but it is not possessed of judicial power.

"While the department has jurisdiction to determine 'all questions' (2 Comp. Laws 1929, § 8455 [Stat. Ann. § 17.190]) arising under the compensation law, it must be borne in mind that it is an administrative tribunal only and not a court possessing general equitable and legal powers." *Michigan Mutual Liability Co.* v. *Baker,* 295 Mich. 237, 242.

The department could not relieve the insurer from any part of its liability, whatever it might consider the equities to be between the employer and the insurer. The primary purpose of the insurance requirement is the protection of the injured employee. Nothing in the act authorizes the department to apportion the liability, half against the employer and the other half against the insurer. We do not here have for consideration whether the insurer may have a right of action against the employer. *Maryland Casualty Co.* v. *H. A. Moss & Son, Inc.,* 276 Mich. 219.

Award affirmed, with costs to plaintiff-appellee.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.