ALLOSSERY v EMPLOYERS TEMPORARY SERVICE, INC.

Docket No. 77-4520. Submitted November 21, 1978, at Detroit.—Decided February 6, 1979. Leave to appeal applied for.

Plaintiff Brian W. Allossery, a minor, was hired by defendant Employers Temporary Service, Inc. (ETS), a labor broker, and assigned by ETS to work for defendant R. A. Young Industries, Inc., to run a power press. Plaintiff was injured while operating the press and commenced a suit in the Macomb Circuit Court charging both defendants with negligence. Defendants moved for summary judgment on the ground that plaintiff's exclusive remedy was worker's compensation. The trial court, Frank E. Jeannette, J., did not grant defendant's motion but instead ordered the case removed to the Workmen's Compensation Bureau. Plaintiff appeals that order by leave granted. *Held:*

1. Plaintiff's employment was illegal and in contravention of the Hittle Juvenile Employment Act since he did not have a work permit and was engaged in the performance of unduly hazardous work.

2. The Worker's Disability Compensation Act includes within its coverage all employed minors regardless of whether their employment is legal or illegal; therefore, the act is their exclusive remedy against their employers.

3. Michigan has not adopted a distinction between void and illegal employment contracts with respect to the Worker's Disability Compensation Act, therefore, a minor employed in violation of the child labor law is merely illegally employed and as such is subject to the provisions of the Worker's Disability Compensation Act.

4. Plaintiff is a covered employee under the Worker's Disability Compensation Act and both defendants are plaintiff's employer for purposes of the act, therefore, plaintiff's exclusive remedy is worker's compensation.

5. Defendants' motions for summary judgment should have

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Workmen's Compensation § 165.
[3] 53 Am Jur 2d, Master and Servant §§ 154, 155.
[4] 53 Am Jur 2d, Master and Servant § 26.
[5] 53 Am Jur 2d, Master and Servant § 2.

been and hereby are granted since both defendants are plaintiff's employers under the act and the facts as pled if true and if properly presented to the Workmen's Compensation Bureau would clearly entitle plaintiff to benefits.

Affirmed as modified.

1. WORKMEN'S COMPENSATION — EMPLOYED MINORS — ILLEGAL EMPLOYMENT — EMPLOYEES COVERED UNDER WORKMEN'S COMPENSATION — EXCLUSIVE REMEDIES.

The Worker's Disability Compensation Act includes within its coverage all employed minors regardless of whether their employment is legal or illegal; since the act clearly makes provisions for illegally employed minors, they are covered employees under the act, and the act is their exclusive remedy against their employers.

2. WORKMEN'S COMPENSATION — EMPLOYMENT OF MINORS — HITTLE JUVENILE EMPLOYMENT ACT — LEGAL EMPLOYMENT — ILLEGAL EMPLOYMENT — STATUTES.

Minors employed in compliance with the Hittle Juvenile Employment Act are legally employed minors and are treated the same as any other employee under the Worker's Disability Compensation Act; minors hired in contravention of the Hittle act are illegally employed, and if injured, their employers are assessed double compensation benefits as a penalty for failing to comply with the act (MCL 409.1 *et seq.;* MSA 17.701 *et seq.).*

3. MASTER AND SERVANT — HITTLE JUVENILE EMPLOYMENT ACT — WORK PERMITS — UNDULY HAZARDOUS WORK — STATUTES.

The Hittle Juvenile Employment Act prohibited employers from hiring minors under 18 years of age until the employer procured a work permit from the minor; the act also prohibited employers from hiring minors for unduly hazardous work (MCL 409.2, 409.3, 409.6; MSA 17.702, 17.703, 17.706).

4. MASTER AND SERVANT — DUAL EMPLOYMENT.

One who is in the general employ of one employer may become *the special employee of another under certain circumstances.*

5. WORKMEN'S COMPENSATION — EMPLOYMENT — MASTER AND SERVANT — CONTROL — ECONOMIC REALITY.

The old touchstone of "control" as used in determining whether an employment relationship exists for purposes of workmen's compensation has been de-emphasized in favor of the broader test of "economic reality" which uses a freer and more realistic balancing of all the relevant factors in each case.

*Fitzgerald, Young, Peters, Bruno & Bunn,* and *Buell A. Doelle,* for plaintiff.

*Jenkins, Nystrom & Sterlacci, P.C.* (by *Stephen J. Hitchcock),* for defendant Employers Temporary Service, Inc.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jeannette A. Paskin),* for defendant R. A. Young Industries, Inc.

Before: D. C. Riley, P.J., and Bronson and T. Gillespie,* JJ.

Per Curiam. Plaintiff appeals by leave an order of the trial court removing the present action from circuit court to the Workmen's Compensation Bureau.

Plaintiff, a 15-year-old, was hired by Employers Temporary Service, Inc. (E.T.S.), a labor broker. On his application for employment, plaintiff misrepresented his age as 19. E.T.S. indicated that plaintiff would be required to provide proof of his age at his next visit to the hiring hall, but no such proof was ever offered or requested. E.T.S. assigned plaintiff to work for R. A. Young Industries, Inc., where he was employed in running a power press. While operating the press, plaintiff suffered a traumatic amputation of the index and middle fingers of his right hand together with a portion of the hand itself.

Plaintiff commenced the present suit against E.T.S. and R. A. Young Industries, Inc., charging both defendants with negligence. Defendants moved for summary judgment on the ground that plaintiff's exclusive remedy was worker's compensation. See MCL 418.131; MSA 17.237(131). Plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff replied that since his contract of hire was prohibited by the Hittle Juvenile Employment Act, MCL 409.1 *et seq.;* MSA 17.701 *et seq.,*[1] the contract was void and he could not be considered an employee of defendants for purposes of the Worker's Disability Compensation Act. The trial court did not grant defendants' motions for summary judgment, but instead removed the case to the Workmen's Compensation Bureau. Plaintiff now appeals that order by leave.

The Hittle Juvenile Employment Act prohibited employers from hiring minors under 18 years of age until the employer procured from the minor a work permit. MCL 409.3; MSA 17.703. The act also prohibited employers from hiring minors for unduly hazardous work. MCL 409.2, 409.6; MSA 17.702, 17.706. Defendants concede the fact that plaintiff did not have a work permit and that he was engaged in the performance of unduly hazardous work. It is, therefore, clear that plaintiff's employment was in contravention of the act and thus illegal.

This determination, however, does not mean that plaintiff could not have been a covered employee under the worker's compensation act. The definition of employee for purposes of the act is contained in MCL 418.161; MSA 17.237(161).

"(1) An employee as used in this act shall mean:

\* \* \*

"(b) Every person in the service of another, under any contract of hire, express or implied, including aliens, a person regularly employed on a full-time basis by his spouse having specified hours of employment at a specified rate of pay, working members of partnerships receiving therefrom wages irrespective of profits, a

---

[1] The Hittle Juvenile Employment Act was repealed by 1978 PA 90 and replaced by MCL 409.101 *et seq.;* MSA 17.731(1) *et seq.*

person insured for whom and to the extent premiums are paid based on wages, earnings, or profits, and minors, who shall be considered the same as and have the same power to contract as adult employees. Any minor under 18 years of age whose employment at the time of injury shall be shown to be illegal, in the absence of fraudulent use of permits or certificates of age in which case only single compensation shall be paid, shall receive compensation double that provided in this act."

The act specifically includes within its coverage all employed minors regardless of whether their employment is legal or illegal. The act does not itself define the term illegal employment, and thus to determine the legality of a minor's employment one must refer to the Hittle Juvenile Employment Act. *Field v Jack & Jill Ranch,* 343 Mich 273, 280; 72 NW2d 26 (1955). Those minors employed in compliance with the act's requirements are legally employed minors and are treated the same as any other employee under the worker's compensation act. Those minors hired by employers in contravention of the Hittle act, however, are illegally employed, and if injured, their employers are assessed double compensation benefits, as a penalty for failing to comply with the act. Since the worker's compensation act clearly makes provisions for illegally employed minors, they are covered employees under the act, and the act is their exclusive remedy against their employers.

Plaintiff seeks to distinguish, however, between those minors whose employment is illegal and those whose employment is void. According to plaintiff, a minor's employment is illegal when the work in which he is engaged is a permissible occupation, but the proper work permits have not been filed. A minor's employment is allegedly void when the work is unduly hazardous so that even if the proper work permits were filed, the minor still could not have engaged in the work. Such a dis-

tinction has never been adopted in Michigan, and was specifically rejected in *Thomas v Morton Salt Co,* 253 Mich 613; 235 NW 846 (1931), *aff'd on reh* 258 Mich 231; 242 NW 235 (1932).

In *Thomas,* the minor, a 17-year-old boy, was employed by defendant salt company to oil and grease electric motors. A number of these motors were suspended over large vats of boiling brine. While cleaning the motors the minor fell into one of the vats and was killed. As is the situation in the present case, the child labor law then in force[2] prohibited minors from being employed in unduly hazardous occupations; and employment which would require a person to work on motors suspended from the ceiling over large vats of boiling brine would certainly be considered unduly hazardous. The Court, however, rejected the position advocated by the dissent in *Thomas,* and presently espoused by plaintiff, that because the minor's employment was prohibited by the child labor law, his contract of employment was void and thus he could not be an employee under the workmen's compensation act. Instead, the Court reversed the trial court's award of common law damages and held that the workmen's compensation law which granted illegally employed minors between the ages of 16 and 18 double compensation in case of injury[3] "abrogates the judicial rule that a contract of employment made in violation of child labor laws carrying criminal penalties is void", *Thomas* at 625.

Since Michigan has not adopted the distinction

---

[2] 1929 CL 8326.

[3] 1927 PA 162.

This act only awarded double compensation to illegally employed minors between the ages of 16 and 18. The act was subsequently amended to include all illegally employed minors. Thus, the reasoning the Court used to declare that illegally employed 16 to 18 year olds could be subject to the worker's compensation act would now be applicable to all illegally employed minors.

between void and illegal employment contracts,[4] any minor employed in violation of the child labor law is merely illegally employed and as such is subject to the provisions of the worker's compensation act.

The second question presented for review is whether both defendants can be considered plaintiff's employer and thus protected by the act's exclusive remedy provision. This question was answered in the affirmative in *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc,* 17 Mich App 259; 169 NW2d 326 (1969).

Since plaintiff is a covered employee under the worker's compensation act and both defendants are his employer for purposes of the act, plaintiff's exclusive remedy is worker's compensation. Defendants' motions for summary judgment[5] should have been and hereby are granted. GCR 1963, 820.1(7).

Affirmed as modified.

---

[4] This Court is definitely not alone in rejecting the alleged distinction between void and illegal contracts of employment with respect to the worker's compensation act. *See,* 1B Larson, Workmen's Compensation Law, §§ 47.51-47.52(b).

[5] In its order removing the case to the Workmen's Compensation Bureau, the trial court stated that if the bureau found defendants co-liable for benefits their motions for summary judgment would be granted, but if either defendant was found not to be liable under the act, trial would continue as to that defendant. Since both defendants are plaintiff's employers under the act and the facts as pled if true and if properly presented to the Workmen's Compensation Bureau would clearly entitle plaintiff to benefits, there is no need to delay granting defendants' motions for summary judgment.