WILLIAMS v ADRIAN INDUSTRIES, INC

Docket No. 51659. Submitted June 25, 1981, at Detroit.—Decided October 19, 1981.

David L. Williams, an illegally employed minor, was injured in an industrial accident while in the employ of Metal Work, Inc. He received an award of double compensation under the Worker's Disability Compensation Act. Sentry Insurance Company, Metal Work's insurer, paid the double award and received a 50 percent contribution from Metal Work. Williams then brought suit in Wayne Circuit Court against Adrian Industries, Inc., and E. W. Bliss, Division of Gulf and Western Manufacturing Co., the manufacturers of the machine by which the plaintiff allegedly was injured, on a theory of negligence. Metal Work and Sentry both intervened as plaintiffs, seeking recovery of their respective halves of the double award they had paid to Williams. The trial court granted defendants' motion for summary judgment against Metal Work, Horace W. Gilmore, J. Metal Work appeals. *Held:*

1. A double compensation award to injured illegally employed minors under the Worker's Disability Compensation Act is intended to penalize the employer for hiring minors in contravention of youth employment laws.

2. An employer is not allowed to recoup punitive payments it makes to an injured illegally employed minor from third-party tortfeasors.

3. Metal Work has stated a claim upon which relief may be granted only if it can prove that its share of the payments constituted the compensatory portion rather than the penalty portion of the double compensation award.

4. Remand is necessary to determine whether Metal Work is entitled to reimbursement under the insurance contract in the event that plaintiff prevails in his action against defendants. In any event, only the compensatory half of the award is available for reimbursement.

The summary judgment is vacated and the matter is remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation § 361.
[2] 82 Am Jur 2d, Workmen's Compensation § 423.

1. WORKERS' COMPENSATION — MINORS — ILLEGAL EMPLOYMENT —
   DOUBLE COMPENSATION — STATUTES.
   The provision of the Worker's Disability Compensation Act which
   mandates payment of double compensation to an injured ille-
   gally employed minor is a punitive measure, not a compensa-
   tory one (MCL 418.161[1][b]; MSA 17.237[161][1][b]).

2. WORKERS' COMPENSATION — MINORS — ILLEGAL EMPLOYMENT —
   DOUBLE COMPENSATION — EMPLOYER'S RIGHT TO RECOVERY —
   STATUTES.
   An employer who is liable for payment of double compensation to
   an injured illegally employed minor under the Worker's Dis-
   ability Compensation Act has no cause of action against a
   third-party tortfeasor or any other party for recovery of the
   punitive portion of the payments, recovery being limited to
   only those payments which are compensatory in nature (MCL
   418.161[1][b], 418.827[5]; MSA 17.237[161][1][b], 17.237[827][5]).

*Marston, Sachs, Nunn, Kates, Kadushin &
O'Hare, P.C.* (by *James M. Mondro*), for plaintiff
Williams.

*Rosenbaum, Bloom, Appel & Moses* (by *Gregory
E. Snow*), for intervening plaintiff Metal Work,
Inc.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.*
(by *Ivin E. Kerr* and *Mark D. Willmarth*), for
defendants E. W. Bliss and Gulf & Western Manu-
facturing Co.

Before: J. H. GILLIS, P.J., and BASHARA and K. N.
SANBORN,* JJ.

PER CURIAM. Plaintiff was injured in an indus-
trial accident while in the employ of Metal Work,
Inc. At the time of the injury, plaintiff was a 17-
year-old minor. He applied for and received a
double award under a special provision in the
Worker's Disability Compensation Act for illegally

* Circuit judge, sitting on the Court of Appeals by assignment.

employed minors, MCL 418.161; MSA 17.237(161). The employer's insurer, Sentry Insurance Company, paid the double award and received a 50 percent contribution from Metal Work.

Suit was commenced against the manufacturer of the machine which allegedly caused the injury on a theory of negligence. Metal Work and Sentry both intervened as plaintiffs, pursuant to MCL 418.827; MSA 17.237(827), to recover their respective halves of the double award paid to the worker. Upon defendants' motion, the trial court ordered summary judgment against Metal Work, which now appeals as of right.

Section 161 of the Worker's Disability Compensation Act provides in part:

"Any minor under 18 years [of] age whose employment at the time of injury shall be shown to be illegal, in the absence of fraudulent use of permits or certificates of age in which case only single compensation shall be paid, shall receive compensation double that provided in this act." MCL 418.161(1)(b); MSA 17.237(161)(1)(b).

The singular question is whether § 161 is intended to authorize double compensation for injured minors who may be impaired for the remainder of their lives solely as compensation, or whether the doubling of the compensation award is intended to penalize the entity which employed such minors in contravention of youth employment laws. Counsel for Metal Work argues that *Stuart v Spencer Coal Co,* 307 Mich 685; 12 NW2d 443 (1943), stands for the proposition that an award under § 161 is compensatory in nature. In *Stuart, supra,* the Supreme Court held:

"We need not speculate on whether the legislature

intended by this provision to penalize the employment of minors, as claimed by appellant, or whether the legislature had in mind a greater need for compensation by a minor under 18 years of age because of lesser earning capacity, a longer life period of a crippling condition, or for some other reason. The statute plainly refers to the payment as *compensation* and we see no impelling reason for calling it otherwise." (Emphasis in original.) *Id.,* 688.

In support of the argument that the doubling of the normal compensation award is a punitive measure, defendants cite *Hamilton v Superior Mushroom Co,* 91 Mich App 52, 56; 282 NW2d 831 (1979), *Allossery v Employers Temporary Service, Inc,* 88 Mich App 496, 500; 277 NW2d 340 (1979), and *Farm Bureau Ins Co of Michigan v Pedlow,* 3 Mich App 478, 483; 142 NW2d 877 (1966). These decisions hold that an award under § 161 is a penalty assessed against employers who, in contravention of youth employment laws, hire minors without the required work permits.

The *Stuart, supra,* decision is no longer a viable precedent. It was decided four years prior to enactment of the Hittle Juvenile Employment Act, MCL 409.1 *et seq.;* MSA 17.701 *et seq.* (repealed and replaced in 1978 by the Youth Employment Standards Act, MCL 409.101 *et seq.;* MSA 17.731[1] *et seq.).* Consequently, the policy considerations reflected in the youth employment laws of this state were not present when the Supreme Court decided the *Stuart* decision. These policy factors were recognized by the decisions of this Court. Since the Hittle Juvenile Employment Act and its successor, the Youth Employment Standards Act, are closely interwoven with § 161 of the Worker's Compensation Act, the doctrine of *in pari materia* is applicable. Section 161, therefore, is a punitive measure.

Logic also supports this conclusion. If the double award is not punitive, it is difficult to comprehend why minors should receive a twofold award when the regular compensation scheme is designed to adequately compensate injured workers. Indeed, one authority has remarked:

"It is difficult to understand how courts can justifiably say that the double compensation is a monetary benefit rather than a penalty. There is no conceivable reason why, for compensatory reasons or any reason relevant to compensation theory, a minor illegally employed needs twice the compensation that anyone else would get." 4 Larson, Workmen's Compensation Law, § 94.20, p 17-65.

Having concluded that § 161 provides for penalty payments, it is necessary to address whether § 827 allows the employer to recoup such payments from third-party tortfeasors. The applicable portion of this section provides:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." MCL 418.827(5); MSA 17.237(827)(5).

To permit reimbursement of the penalty would create an anomaly, in that the employer would pay the double award to the employee and later

take that sum out of the worker's recovery from the third party. Under this result, "the employer does not feel the sting of the penalty at all, and has little incentive to mend his ways". Larson, *supra.* A preferred construction is to permit the employer to recover all payments under the act which are compensatory in nature only.

Thus, Metal Work has stated a claim upon which relief may be granted only if it can prove that its share of the payments constituted the compensatory portion of the benefits rather than the penalty portion. Remand is necessary for a hearing on the issue of which intervening plaintiff is entitled to reimbursement under the insurance contract in the event claimant prevails in his action against the manufacturer. In any event, only the compensatory half of the award is available for reimbursement.

The summary judgment is vacated and the matter is remanded for further proceedings. No costs, an issue of first impression having been raised.