Green, J.
delivered the opinion of the court.
The importance of this case, both as it regards the amount of property involved, and as it regards the principles which may be adopted in its decision, has induced the court to bestow upon it the most earnest consideration. Whether the deed of an infant should be considered void, or'only voidable, is a question, notwith-hstanding all the learned discussion by which it has been attempted to elucidate it, far from being free from difficulty.
All the books agree that some contracts of an infant are void, and that others are only voidable; but no general rule seems to be settled by which we may be able to determine with certainty, to what particular class any given contract belongs. Bingham on Infancy, ch. 2, p. 33-4: Preston on Property, vol. 2, p. 249: 2 Kent’s Com. 191-2-3.
To say that all the contracts of infants are absolutely-^ void, except those for necessaries, would be to set our- j selves in opposition to the whole ■ current of authority ( upon this subject. Some of the contracts of infants must ) *60 therefore be regarded as only voidable, at their election when they may arrive at full age. The mischiefs of which it is insisted this doctrine will be productive, are more imaginary than real. The force of that public opinion which it is said will prevent an infant from disaf-firming a contract after he arrives at full age, which was made during infancy, would equally act upon him to induce its confirmation, were it held to be absolutely void. In neither case could the decision of the court prevent infants from making contracts, and the danger to them would not'be diminished by adopting the principle contended for by the plaintiff’s counsel, while on the other hand the injury to be inflicted upon the community might be of the most serious character. In a community like ours, there are often no means for acquiring a knowledge of the exact age of many young men. So various and unequal are their appearances, that many of twenty-two years of age might be taken for only eighteen; while others of eighteen, would be supposed to be twenty-two. In the uncertainty their appearance would produce, and the want of other means of information, the community must refrain altogether from making contracts with young men, or run the risk, at any distance of time, of being ruined by proof, that the young man with whom the contract was made, wanted a few months of attaining his age of twenty-one. Such a result would make his infancy truly a shield to protect himself, but emphatically a sword to destroy others.
The doctrine, that most acts of an infant are voidable only, at his election after he arrives at age, is a sufficient protection for him, and in many instances may conduce greatly to his benefit. If voidable only, he may elect to affirm or disaffirm, while the other party has no such election, Thus he may take the benefit of a good contract, and disaffirm one which may be injurious. Therefore, , says Chancellor Kent, (2 Com, 193,) “the tendency of , the modem decisions is in favor of the reasonableness *61 and policy of a very liberal extension of the rule, that the acts and contracts of infants should be deemed voidable only, and subject to their election when they become of age, either to affirm or disallow them.” Hence, ever since the case of Zouch vs. Parsons, (3 Burr. 1794,) it has been held, that the deed of an infant is voidable only.
We do not perceive that any general rule, as to contracts which are void and voidable, can be stated with more precision than is done by' Lord Ch. J. Eyre in Keane vs. Boycott, (2 H. Black. 511,) and quoted with approbation by Judge Story, (1 Mason’s Rep. 82,) and by Chancellor Kent, (2 Com. 193,) which is this, “that when the court can pronounce the contract to be to the infant’s prejudice, it is void, and when to his benefit as for necessaries, it is good; and when the contract is of an uncertain nature, as to benefit or prejudice, it is voidable only, at the election of the infant.” Thus, the contract of an infant as security for another, the court can see must be to his prejudice, for he can derive no benefit from it, therefore it is void; but a contract for necessaries is plainly for his benefit, and therefore it is good, and binding upon him. Of those contracts which may or may not be for his benefit, as they may have been judicious or injudicious, according to the facts, the court could not pronounce with certainty, and therefore they are voidable only, at his election. Of this class, is the case before the court. The plaintiff received a valuable consideration, and therefore it might have been for his benefit; but whether an adequate one or not, the court could not pronounce, upon the statement of the contract, and therefore it might be to his prejudice. In this view of the case, we think the contract was only voidable; that the deed passed the interest to the defendant, subject to be divested by the disaffirmance of the plaintiff; but that as against all others, the estate vested in the defendant.
The next question is, what act is necessary in order to affirm a voidable contract.
*62 A (Jeecj cannot be necessary to confirm that which was executed during infancy, because that deed passed the interest in the estate, and being only voidable at the election of the infant, should he, or his heirs, fail to disaffirm it, a good title will be vested, and no other person can call it into question on account of the infancy of the grantor at the time it was executed. See 2 Kent’s Com. 194, and authorities there cited. Any thing therefore, from which his assent, after he arrives at age, may be fairly inferred, will be sufficient to affirm the deed made during infancy, and prevent him from after-wards electing to disaffirm it.
In the case before us, such inference is fairly deducible from the conduct of the plaintiff after he arrived at full age. He wanted only a few months of attaining the age of twenty-one years when he executed the deed. A full price was paid him in money, at the time he made the deed. He was often in the neighborhood of the lot sold, after he arrived at age, and saw the defendant making large expenditures in the erection of valuable improvements, and yet he is heard to say nothing in disaffir-mance of the contract for about four years. The circumstances were such as not to excuse this long silence. But in addition to the absence of any act of disaffirmance, he, on several occasions, said he had sold the lot, had •been honorably paid for it, and was satisfied. He also authorized a proposition for its purchase to be made to the defendant. ■ These circumstances fully warranted the jury in coming to the conclusion that he had affirmed the •contract, and precluded him, after all this, from setting up his infancy to avoid it.
Let the judgment be affirmed.
Judgment affirmed.