AMERICAN SURETY CO. OF NEW YORK, Appellant,

*v.*

CITY OF CLARKSVILLE, TENNESSEE, et al., Appellees.

(*Nashville,* December Term, 1957.)

**Opinion filed July 11, 1958.**

68

DANIEL & HARVILL, Clarksville, MANIER, CROUCH & WHITE, Nashville, for appellant.

JAMES C. CUNNINGHAM, Clarksville, for appellees.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a suit for a declaratory judgment filed by the American Surety Company of New York against the City of Clarksville, the members of the Board of Education of Clarksville, the Administrator and the distributees of

the estate of Misher H. Cunningham, Jr., deceased, and the Travellers Insurance Company.

The complainant seeks a declaration of its rights under certain insurance policies issued to the City of Clarksville and its Board of Education with particular reference to its rights and duties under said insurance policies because of (1) a petition for Workmen's Compensation and (2) a suit at common law by reason of the death of the said Misher H. Cunningham, Jr.

During the argument of this case, some of the members of the Court expressed some doubt as to whether or not this suit might be premature but counsel for appellant has submitted a comprehensive brief which convinces us that the suit is properly maintainable at this time.

There is no issue of fact involved. On the 13th day of April, 1953, complainant issued to the City of Clarksville a standard Workmen's Compensation and Employer's Liability policy containing the two separate items of coverage (a) coverage for actions brought against the insured under the Workmen's Compensation Act, T.C.A. sec. 50-901 et seq., and (b) actions brought against the insured alleging common law employer's liability. As to the second coverage, i. e., (b) the policy contained an exclusion to the effect that it did not cover actions brought by employes other than *legally* employed persons.

The Travellers Insurance Company is named a defendant because it also issued a standard Workmen's Compensation and Employer's Liability policy to the Board of Education of the City of Clarksville.

Also, on April 13, 1953, complainant issued to the City of Clarksville a standard form of Comprehensive General

Liability policy and on May 5, 1953, the complainant issued to the Clarksville Board of Education a standard form of Comprenhensive General Liability policy. By these two policies complainant obligated itself to pay on behalf of the insured all sums which the insured should become obligated to pay by reason of the legal liability imposed upon assured by law for damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons and caused by accident, to pay property damage liability, to perform various investigations, and to conduct the defense of any actions brought against the insured arising out of accidents covered by the policy provisions.

The above policy issued to the City of Clarksville contained, among other exclusions, the following:

"(c) Under coverage (a), except with respect to liability assumed under contract covered by this policy, to bodily injury or to sickness, disease or death of *any employe of the insured* while engaged in the employment of the insured, or to any obligation for which the insured or any company as his insurer may be held liable under any Workmen's Compensation Law;"

The policy issued to the Board of Education contained, among others, the following exclusion:

"(c) Under coverage (a) except with respect to liability assumed under contract covered by this policy, to bodily injury to or sickness, disease or death of *any employe of the insured* while engaged in the employment of the insured, other than a domestic employe whose injury arises out of the maintenance or use of

an automobile covered by this policy while such em
ploye is not engaged in the operation, maintenance or
repair thereof, or to any obligation for which the in-
sured or any company as his insurer may be held liable
under any Workmen's Compensation Law;''

The stipulation shows that during the years 1951-1953,
the City of Clarksville had undertaken an extensive
building program for the City Schools, which included
the construction of new buildings and the enlargement of
existing buildings, as a result of which the grounds of
the school were pretty well torn up. As soon as school
was out for the 1953 summer vacation and sometime prior
to the 6th day of July, 1953, Misher Cunningham, Jr., a
14-year old boy was employed by the Board of Education
to attend the water sprinklers and pick up loose objects
on the ground at the various landscape projects, for
which he was to receive $21.00 per week and said amount
was paid to him until his death on the 6th day of July,
1953, when he was struck by lightning while performing
his duties in accordance with the terms of employment
by the Board of Education on behalf of the City of
Clarksville. No employment certificate was obtained
either by the City of Clarksville or the Board of Educa-
tion for the employment of this boy.

As indicated above, his mother and father filed a peti-
tion in the Circuit Court of Montgomery County for a
Workmen's Compensation award by reason of the em-
ployment of their son. His father also filed a suit in the
Circuit Court seeking damages for the wrongful death of
said Misher H. Cunningham, Jr., averring that he was
an employe of the City of Clarksville and Board of Edu-
cation and that defendants were negligent in failing to

provide him with a safe place in which to work and as a second ground of liability that he was employed in violation of the Child Labor statute.

The Travellers Insurance Company simply joined in the request for a declaration of rights.

The complainant averred that it was anxious to perform its duties under said policy contracts but that it was placed in the position of determining at its peril whether it provided coverage under any of said policies and was obligated to defend any such suits, suggesting that the Court declare that complainant was not obligated to furnish coverage under either the Comprehensive Liability policies or Workmen's Compensation and Employer's Liability policy or to defend the suit of the Administrator.

The answer of the Cunninghams denied the complainant's contention that there was no coverage under the Comprehensive Liability policies because the said Misher H. Cunningham, Jr., deceased, was (1) merely an occasional, incidental or casual employe, and not a continuous or regular employe, and was (2) employed in violation of the Child Labor Laws of the State, and being an infant without capacity in general to make or enter into any express contract of employment, and therefore, would not be covered under the Workmen's Compensation and Employer's Liability policy.

The answer of the City and the Board of Education simply denied that there was no coverage under these policies.

The Chancellor decreed that neither the complainant nor the Travellers Insurance Company was obligated to

afford coverage under their Workmen's Compensation and Employe's Liability policies because the said Misher H. Cunningham, Jr., was illegally employed in violation of the Child Labor Laws of the State and was, therefore, not a legal employe as contemplated and covered by the terms and provisions of said policies; but that complainant was bound and obligated to furnish coverage under the Comprehensive Liability policies and to defend the suits brought by Misher H. Cunningham, Administrator, to recover damages for the wrongful death of his son because (1) the deceased was not a legal employe, being employed illegally in violation of the Child Labor Laws, T.C.A. sec. 50-701 et seq., since no employment certificate was procured for him as provided by law, (2) deceased was only a casual, occasional or incidental employe, and (3) was a minor without capacity in general to enter into any express contract of employment, and, therefore, was not covered under the terms and provisions of said Workmen's Compensation and Employer's Liability policy or under the Workmen's Compensation Law of the State of Tennessee, but that being illegally employed, the deceased was covered under the Comprehensive Liability policies for the reason, to be inferred from the respective contentions of counsel, that the exclusion of employes in the Comprehensive Liability policy was intended to mean only legal employes.

Of the three assignments of error, the first and third will be treated together. The first is that the trial court erred in holding that complainant and the Travellers Insurance Company were not obligated to afford coverage under the Workmen's Compensation provisions of the Workmen's Compensation and Employer's Liability policies issued by them.

The third assignment is that the trial court erred in holding that Misher H. Cunningham, Jr., could not claim the benefits of the Workmen's Compensation Law because (1) he was illegally employed, (2) he was a casual or incidental employe and (3) as a minor, he had no capacity to contract and, as a consequence, the exclusion in complainant's Comprehensive Liability policies, denying coverage to any obligation for which the insured might be liable under the Workmen's Compensation Act did not apply.

In *Manning v. American Clothing Co.,* 147 Tenn. 274, 247 S.W. 103, it was held that an infant employed in violation of the Child Labor Law is not bound by her election to claim compensation under the Workmen's Compensation Act, in view of her minority, and may bring an action at law for damages for injuries suffered, although a guardian was appointed for her under such Act and some payments were received by him.

In *Western Union Tel. Co. v. Ausbrooks,* 148 Tenn. 615, 257 S.W. 858, 860, 33 A.L.R. 330, an action at common law was brought in behalf of a minor who had been injured while illegally employed in violation of said Child Labor Law. The Telegraph Company contended that the Workmen's Compensation Act applied and that therefore, a verdict should have been directed in its favor in the common law action. The Court, after referring to the Manning case supra, *Held* that the Workmen's Compensation Act does not apply in favor of the employer in case of injuries to a minor illegally employed in violation of the Child Labor Law, stated by way of dictum, however, as follows:

"We doubt that a minor, although unlawfully employed, should be deprived of the benefits of our com-

pensation statute, if he claims them. Our Child Labor Laws penalize the employer, not the child, and the employer should not be permitted to use them as a shield. A contrary holding in some cases may be ascribed to language in the statutes which excludes entirely from their operation such minors. 28 R.C.L., 766.

"A minor's contracts, generally speaking, are voidable. The minor can repudiate such contracts or can elect to claim their advantage. The party contracting with a minor, however, is bound on such voidable contracts, if the minor elects to enforce them. *Smith v. Evans,* 24 Tenn. 70, 78; *Wheaton v. East,* 13 Tenn. 41, 60, 26 Am.Dec., 251."

The Ausbrooks case is especially annotated in 58 Am. Jur., 680, sec. 152, note 16.

■ It is our opinion in the instant case that neither the employer nor its insurers may compel the representatives of this decedent to proceed under the Workmen's Compensation Act nor deny to said representative the right to proceed at common law, provided said common law action would lie otherwise, that is, by reason of the Comprehensive Liability policy. In other words, the fact that the minor was illegally employed or that he was a minor would not prevent his own election, or his representatives since he is dead, from proceeding under the Compensation Act, provided that he was otherwise qualified under the Act. Of course, if he was a casual or incidental employee, or if the factual situation when fully developed should fall within the case of *Jackson v. Clark & Fay, Inc.,* 197 Tenn. 135, 270 S.W.2d 389, the minor would not fall under the Compensation Act. We are not prepared to say whether or not the situation would fall within the

last cited case but we are not at all satisfied that he was a casual employe. We do not have before us the statutes and rule appertaining to the Board of Education of the City of Clarksville but we are bound to assume that the maintenance of the physical plant and the grounds surrounding the school property are as much a part of the regular business or regular duties of the School Board as any other phase of their required activities. Thus it would seem to be within the usual course of the trade, business, professional occupation of the employer.

In *Parks v. E. M. Carmell,* 168 Tenn. 385, 79 S.W.2d 285, it is held that the nature of the employment rather than its frequency or infrequency or duration determines whether the employment is casual. In *Brady v. Reed,* 186 Tenn. 556, 212 S.W.2d 378, it is held that whether an employe is regular or casual is not determined by the amount of compensation paid him or the length of his employment.

To the extent indicated, therefore, we sustain the first and third assignments.

The second assignment is that the trial court erred in holding that because Misher H. Cunningham, Jr., was employed in violation of the Child Labor Laws of the State of Tennessee, the exclusion in complainant's Comprehensive Liability policies, denying coverage for injury or death of an employe of the insured did not apply.

■ It is insisted by the appellant that the exclusionary clauses quoted above from the Comprehensive Liability policies needs no construction because there is no ambiguity and that the expression "any employe" means all employes or every employe citing *Jones v. Whitworth,* 94

Tenn. 602, 30 S.W. 736, regardless of whether the employment be legal or illegal. On the other hand, it is insisted by the Administrator that only legal employes are excluded from coverage under the Comprehensive Liability policy; it being urged in support thereof that the Workmen's Compensation and Employer's Liability policy does not cover by reason of the fact that the Compensation Act is excluded by reason of the illegal employment and the employe's liability phase of that policy expressly excludes illegal employment; that, therefore, the Comprehensive Liability policy exclusion clause should be construed to apply only to legal employes.

We find no ambiguity in the Comprehensive Liability policy exclusion clause with reference to the kind of employes excluded. It has developed that for the present situation it is desirable from the standpoint of the Administrator and no doubt from a sympathetic School Board that this situation be covered by these two Comprehensive Liability policies. That, however, does not justify us in creating an ambiguity where none exists and then applying the rule of construction resolving any doubt against the insurance company which wrote the policy. *Edwards v. Travelers Indemnity Co.*, 201 Tenn. 435, 300 S.W.2d 615; *Hahn v. Home Life Ins. Co.*, 169 Tenn. 232, 84 S.W.2d 361.

The ordinary and usual meaning of the word "employe" is one who is employed by another and works for wages or salary without regard to whether the employment be legal or illegal.

With reference to the case of *New Amsterdam Cas. Co. v. Soileau*, 5 Cir., 167 F.2d 767, 6 A.L.R.2d 128, it is stated that a minor is without capacity to enter into any

express contract and, therefore, he was held not to be an employe. That certainly is not the law of Tennessee, as we have shown above in our quotation from the Ausbrooks case.

We, therefore, sustain the second assignment. The decree of the Chancellor as thus modified is affirmed.

NEIL, CHIEF JUSTICE, not participating.