FARM BUREAU INSURANCE COMPANY OF
MICHIGAN *v.* PEDLOW.

Opinion of the Court.

1. Master and Servant—Illegal Contract—Hazardous Occupation—Child Labor.

Defendants could not legally employ minor 16-year-old boy as a
farm employee, where the employment was clearly hazardous,
as a statute forbids such employment (CL 1948, §§ 408.60,
408.61).

2. Insurance—Words and Phrases—Employee—Workmen's Compensation Act.

The meaning of the term *employee,* as it is used in the workmen's compensation act, does not apply to the use of the word
in the insurance contract not involving liability under the
workmen's compensation act, since in that act the term *employee*
as applied to a minor has a special meaning intended to impose a penalty upon employers who employ minors illegally
(CLS 1961, § 411.7[2]).

---

References for Points in Headnotes

[1] 31 Am Jur, Labor § 767.
[2] 58 Am Jur, Workmen's Compensation §§ 67, 152.
Applicability and effect of workmen's compensation act in cases
of injuries to minors.   14 ALR 818, 33 ALR 337, 49 ALR 1435,
60 ALR 847, 83 ALR 416, 142 ALR 1018.
[3, 8, 10, 13] 29A Am Jur, Insurance § 1354.
Construction and effect of provisions as to age, or employment as
affected by age, in policy insuring employer against liability.   59
ALR 300.
[4] 31 Am Jur, Labor § 767.
38 Am Jur, Negligence § 96 *et seq.*
[5] 29A Am Jur, Insurance §§ 1351–1354.
Construction and effect of provisions as to age, or employment as
affected by age, in policy insuring employer against liability.   59
ALR 300.
[6, 7] 29 Am Jur, Insurance § 258 *et seq.*
[9] 35 Am Jur, Master and Servant § 121.
[11] 29 Am Jur, Insurance § 274.
[12] 35 Am Jur, Master and Servant § 2.

3. SAME—EMPLOYEE AS APPLIED TO MINORS—INSURANCE POLICY—
CHILD LABOR LAW.

> *Employee*, as used in insurance policy when applied to minors, is
> limited to mean minors legally employed, consistent with giving
> the strongest possible effect to the child labor act governing
> the employment of minors in the State (CL 1948, §§ 408.60,
> 408.61).

4. MASTER AND SERVANT—ILLEGAL CONTRACT OF EMPLOYMENT—LI-
CENSEE OR INVITEE.

> Boy, 16 years old, employed to work on farm at hazardous occu-
> pation by his uncle, where the boy was paid regular wages
> without working papers or work permit for his employment,
> *held*, to be a bare licensee or invitee of his employer at the
> time he lost his leg in a farm accident, since the contract of
> employment was clearly illegal and void under the child labor
> act (CL 1948, §§ 408.60, 408.61).

5. INSURANCE—DE FACTO EMPLOYEE—EXCLUSIONS.

> Trial court's position that to permit the injured 16-year-old
> nephew of insured to be treated as a *de facto* farm employee
> would provide greater insurance coverage under comprehensive
> personal liability insurance policy than was bargained for
> *held*, untenable, where language providing for coverage in
> the policy of liability for bodily injury is all inclusive as to
> persons who sustained injury, and exclusion clause of the
> policy dealt solely with farm employees, a relationship not
> sustained by the injured boy.

6. SAME—CONTRACTS—CONSTRUCTION OF POLICY.

> Insurance contracts are generally to be construed against the
> insurer, and a liberal interpretation of clauses exempting or
> limiting their liability is not permitted.

7. SAME—CONSTRUCTION OF POLICIES.

> The fundamental rule in the construction of insurance policies
> to construe in favor of coverage for the insured is founded on
> the principle that instruments are construed strictly against
> the drawer of the instrument.

8. SAME—LIMITATION OF LIABILITY—ILLEGAL CONTRACT.

> The insurer may limit his liability under a comprehensive per-
> sonal liability insurance policy by simple language providing
> against coverage of illegal employment, since the practice of
> employing minors on farms in this State is commonplace, and
> the laws relative to employment of minors have been part of
> our statutes for many years, and where no such limiting lan-

guage has been employed, liability is imposed for injury to 16-year-old nephew of insured farm tenant who had been illegally employed (CL 1948, §§ 408.60, 408.61).

DISSENTING OPINION.

QUINN, J.

9. NEGLIGENCE—LIABILITY—MASTER AND SERVANT.

*The liability of owner of farm and lessee farmer to illegally employed farm youth injured while working on farm arises from the accident and not from the injured youth's illegal employment.*

10. WORDS AND PHRASES—EMPLOYEE—INSURANCE POLICY.

*An illegally employed minor is an employee under a comprehensive personal liability insurance policy issued by plaintiff to defendant owner of farm, since the illegal employment of a minor was an incidental and independent transaction, in no way primarily connected with the issuing or working out of the policy.*

11. INSURANCE—CONSTRUCTION OF POLICY—REFERENCE TO STATUTES.

*A comprehensive personal liability insurance contract must be interpreted from its own terms without reference to statutes pertaining to employment of minors, as between the parties to a declaratory judgment proceeding (GCR 1963, 521).*

12. WORDS AND PHRASES—EMPLOYEE.

*The ordinary and usual meaning of the word employee is one who is employed by another and works for wages or salary without regard to whether the employment be legal or illegal.*

13. INSURANCE—CONTRACT—EMPLOYEE.

*Finding of trial court in declaratory judgment suit that a minor employed by defendant farmer at hazardous occupation, despite legal prohibition against such employment, was a farm employee and therefore not covered by plaintiff insurance company's policy issued to defendant farm owner should be affirmed, as supported by the record (GCR 1963, 521).*

Appeal from Genesee; Baker (John W.), J. Submitted Division 2 February 10, 1966, at Lansing. (Docket No. 383.) Decided June 14, 1966. Leave to appeal denied by Supreme Court August 18, 1966. See 378 Mich 727.

Complaint by Farm Bureau Insurance Company of Michigan, a Michigan mutual insurance corpora-

tion, for a declaratory judgment against Ross Pedlow, Pearl Pedlow, Gerald Myers, and Marilyn Myers to determine its liability under defendants' insurance policy for injuries suffered in a farm accident by William Verrette, a 16-year-old boy. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Gault, Davison & Bowers (Russell E. Bowers,* of counsel), for plaintiff. *Douglas M. Philpott,* for defendants.

Lesinski, C. J. Defendants appeal from a declaratory judgment[1] granted plaintiff in Genesee county circuit court. The judgment determined that plaintiff's farm and residence comprehensive personal liability policy issued to defendant Pedlow did not afford coverage for an injury suffered by William Verrette. Verrette was injured while working on a farm owned by Pedlow and operated by Myers. The declaratory action was ancillary to Verrette's action to recover damages for loss of a leg suffered while operating a defective manure spreader on the above farm. The declaratory action was submitted to the trial court on stipulated facts, and those same facts are stipulated here.

In June, 1960, Gerald Myers employed his nephew William Verrette to work on the farm. William was then 15 years old. No working papers or work permit were obtained for this employment. William received his room and board and $75 per month as compensation. He became 16 years of age on October 23, 1960. He was injured December 2, 1960.

The issue presented on appeal is whether coverage is afforded defendants under the policy of insurance for indemnification against loss occasioned by an

---

[1] See GCR 1963, 521.—Reporter.

injury to a minor 16 years of age working on dangerous machinery on a farm in violation of CL 1948, § 408.60 (Stat Ann 1960 Rev § 17.20), and CL 1948, § 408.61 (Stat Ann 1960 Rev § 17.21),[2] and the attendant duty of the insured to defend under the policy in an action for damages arising out of such injury.

It is admitted that at the time of the injury to the minor the policy of insurance was in force.

For purposes of this decision, it is sufficient to say that if the minor's relationship with the Pedlows and Myers was that of an employee that no coverage is afforded under the policy of insurance by virtue of exclusions contained therein.

Because of the tender age of Verrette at the time of the injury, his relationship to the Pedlows and Myers must be determined under the provisions of CL 1948, § 408.60, *supra,* and CL 1948, § 408.61, *supra.*

The pertinent part of CL 1948, § 408.61, *supra,* provides in part as follows:

"No person under the age of 18 years shall be allowed to clean machinery while in motion nor employed in any hazardous employment, or where their health may be injured."

There can be no question from the stipulated facts presented to the trial court that the actions in which Verrette was engaged constituted hazardous employment. The trial court found that defendants Myers could not legally employ minor plaintiff Verrette as a farm employee.

We are urged to accept the meaning of the term "employee" as it is construed under the workmen's compensation statute of this State, CLS 1961, § 411.7

---

[2] These two statutes have been repealed by PA 1964, No 256 (Stat Ann 1965 Cum Supp § 2.368), but this would not affect our determination as the act was in effect when the cause of action arose.

as amended by PA 1965, No 44 (Stat Ann 1960 Rev and Stat Ann 1965 Cum Supp § 17.147) which provides for punitive benefits in favor of an injured illegally employed minor; the sense being that since he is treated as an employee thereunder, that he is an employee herein. To this we cannot subscribe for in the workmen's compensation statute, *supra,* the term "employee," as applied to a minor, has a special meaning intended to provide a penalty for employers who employ minors illegally.

In dealing with the term "employee" as found in the insurance policy with which we are concerned, when applying it to a minor we are compelled to limit its meaning to minors legally employed, consistent with giving the strongest possible effect to the child labor statute, CL 1948, § 408.60, *supra,* governing the employment of minors in this State.

The trial court further concluded that in effect the Pedlows and Myers accepted Verrette as a farm employee and thus are estopped from claiming now that an illegal relationship existed to secure more extensive benefits from the policy of insurance. With this last position this Court cannot agree.

Clearly under the statutes of Michigan the relationship of Verrette to the Pedlows and Myers was not legally that of employer and employee. As was said by Justice McDONALD in his dissent in *Thomas* v. *Morton Salt Co.* (1931), 253 Mich 613, 618:

"The contract was more than illegal. It was a complete nullity. It was prohibited under penalty by statute and therefore was utterly void."

The majority position in *Thomas* does not attack this proposition, only its significance in connection with the workmen's compensation act which provides for certain benefits and penalties in employing minors contrary to the statute governing the employment of minors.

See, also, *In re Reidy's Estate* (1910), 164 Mich 167, *Cashin* v. *Pliter* (1912), 168 Mich 386 (Ann Cas 1913C, 697); and *Krause* v. *Boraks* (1954), 341 Mich 149.

Upon the facts herein, Verrette must be deemed a bare licensee or invitee of the Myers and Pedlows.

The trial court showed concern that as a consequence of allowing Verrette to be treated as a *de facto* farm employee that greater insurance coverage under the insurance policy would be provided than was bargained for. We cannot accept this view. The policy of insurance issued to defendant Pedlow provides under section 1, entitled Coverages:

"Coverage A. Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person."

The language providing for coverage in matters of bodily injury liability is all inclusive as to the persons who sustain injury. Any limitation on the coverage under this section must be found in the express exclusions contained in the policy or indorsements made part of the policy.

The plaintiff denies liability under the policy based on the exclusion language contained in an indorsement made part of the policy which reads as follows:

"In consideration of the reduced premium at which this policy is written, it is hereby agreed that such insurance as is afforded by the policy does not apply to any bodily injury, sickness, or disease, including death resulting therefrom, sustained by any 'farm employee,' as defined in the policy."

Definition of farm employee is stated in part C, subsection 4 of the policy as follows:

"*Farm employee:* 'Farm employee' means an employee of an insured whose duties are incidental to the ownership, maintenance or use of the farm premises, including maintenance or use of automobiles or teams, but the term farm employee shall not include the named insured, spouse, or any child of either under the age of 21."

The exclusion language of the contract of insurance deals solely with farm employees and this Court having found that Verrette because of his tender age and the nature of the work performed was not an employee, the exclusion does not apply as to him. Though it may be argued that the plaintiff did not intend to cover such an occurrence as was involved herein, such an argument is without merit.

" 'The rule is well established that insurance contracts are generally to be construed against the insurer, and that a liberal interpretation of clauses therein exempting or limiting their liability is not permitted.' " *Salomon* v. *Equitable Life Assurance Society of the United States* (1943), 202 La 1001, 1008 (13 So 2d 329).

The fundamental rule in the construction of insurance policies to construe in favor of coverage for the insured is founded on the principle that instruments are construed strictly against the drawer of the instrument. Applying this rule to an employee's policy, as in *Edward Stern & Co.* v. *Liberty Mutual Insurance Co.* (1921), 269 Pa 559 (112 A 865), the policy was found to cover both legally and illegally employed persons. This is wholly consistent with the position we take here, that the exclusion of farm employees under a farm and residence *comprehensive* personal liability policy would exclude only legally employed persons; a strict construction of

an exclusionary clause against the drawer and in favor of coverage.

The practice of employing minors on farms in this State is commonplace. The laws relative to employment of minors have been part of our statutes for many years. The insurer could have limited his exposure under the policy by simple language which would have provided against coverage in instances of illegal employment.

· We hold that William Verrette was not a farm employee and the occurrence in which he was involved was not excluded from coverage by the terms of the insurance policy.

Judgment of the trial court is reversed and the cause remanded for entry of a judgment in accord with this decision.

Costs to appellants.

T. G. Kavanagh, J., concurred with Lesinski, C. J.

Quinn, J. (*dissenting*). I cannot accept the opinion of Chief Judge Lesinski nor the result he reaches. The liability of Pedlow and Myers to Verrette, if any, arises from the accident and not from Verrette's illegal employment. In *Edward Stern & Co. v. Liberty Mutual Insurance Co.* (1921), 269 Pa 559 (112 A 865), the supreme court of Pennsylvania held an illegally employed minor to be an employee under an insurance policy issued by defendant to the employer. In the opinion appears the following (p 563):

"The illegal employment of a minor under 16 was an incidental and independent transaction; it was a distinctive thing, in no way primarily connected with the issuing or working out of the policy."

As between the parties to the declaratory judgment* proceeding, the insurance contract must be interpreted from its terms without reference to the statutes relied on in the majority opinion. If this is done, the majority concedes that Verrette is not covered by plaintiff's policy. In a similar fact situation, the supreme court of Tennessee in *American Surety Co. of N. Y. v. City of Clarksville* (1958), 204 Tenn 67 (315 SW2d 509), said (p 77):

"The ordinary and usual meaning of the word 'employee' is one who is employed by another and works for wages or salary without regard to whether the employment be legal or illegal."

In addition, the record discloses lessee Myers was responsible for all labor. He hired Verrette, and Myers is not a party to the insurance contract.

I hold that William Verrette was a farm employee excluded from coverage by the terms of the insurance policy.

The judgment should be affirmed, with costs to plaintiff.

* See GCR 1963, 521.—REPORTER.