

**FILED**
**Oct 03, 2025**
**08:26 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Crystal Green | Docket No. 2024-50-3519 |
| v. | State File No. 860183-2024 |
| 101 Vape & Smoke, LLC | |
| Appeal from the Court of Workers' Compensation Claims Dale A. Tipps, Judge | |

---

### Reversed and Remanded

---

In this interlocutory appeal, the employee reported tripping over a cord and injuring her right ankle. The company for which she was working asserted it did not have five or more employees and, therefore, was not subject to Tennessee's workers' compensation laws. Following an expedited hearing, the trial court determined that several related companies with one or more common owners operated as a single business entity and, when considered collectively, were subject to the workers' compensation laws. The trial court ordered the company to provide a panel of physicians, but it denied the employee's claim for temporary disability benefits. Both parties have appealed. We reverse the trial court's order with respect to the threshold issue of the applicability of Tennessee's Workers' Compensation Law, conclude all other issues are pretermitted, and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Ben M. Rose, Nashville, Tennessee, for the defendant, 101 Vape & Smoke, LLC

Crystal Green, Murfreesboro, Tennessee, employee, pro se

### Factual and Procedural Background

Crystal Green ("Employee") worked for 101 Vape & Smoke, LLC ("Defendant").[1] On April 2, 2024, Employee reported tripping over a cord behind a counter at the store

---

[1] After each party filed a notice of appeal, Defendant filed a motion to exclude certain documents submitted by Employee, and it included a footnote in its motion stating that "the Employee's claim in this matter was lodged against 'Vapor [sic] 101 Smoke,' which does not exist." (Employee's petition identified her

where she was working and injuring her right ankle. Her boyfriend arrived at the store soon after the fall and advised her to go to an emergency room. Employee contacted a supervisor and informed him that, because she was the only worker in the store at that time, she would need to close the store and go to the emergency room. She later asserted that Defendant failed to provide her any medical or temporary disability benefits. In May 2024, Employee filed a petition for benefit determination along with multiple documents she believed supported her claim. A DCN was issued indicating Defendant challenged the compensability of the accident and Employee's entitlement to benefits. The DCN also indicated there was a dispute as to whether Employee was entitled to benefits from Tennessee's Uninsured Employer's Fund ("UEF").

In March 2025, Employee filed a request for an expedited hearing asking the court to order Defendant to provide certain workers' compensation benefits. The record contains no pre-hearing statements, briefs, witness lists, or exhibit lists filed by either party. The expedited hearing was conducted on June 26, 2025, and included testimony from Employee, Employee's boyfriend, and a representative of Defendant. Following that hearing, the trial court determined that a "threshold question" was whether Defendant is an "employer" subject to Tennessee's Workers' Compensation Law. In answering that question, the court was required to determine whether Defendant had five or more employees, as stated in the statutory definition of "employer." After reviewing the evidence presented on that issue, the court concluded that Employee did not come forward with sufficient evidence "to prove that 101 Vape & Smoke, LLC employed five or more people." Nevertheless, the court then determined that because Defendant's owners purportedly operated more than one vape shop through different business entities, the stores could be considered "collectively" for purposes of determining whether Defendant had five or more employees. As a result, it determined that, collectively, Defendant and related business entities were subject to the requirements of the Tennessee Workers' Compensation Law. It then ordered Defendant to provide Employee a panel of physicians. With respect to Employee's claim for temporary disability benefits, however, the court stated that Employee "presented no medical proof regarding the cause, extent, or duration of disability," and, therefore, denied her claim for temporary disability benefits at that time. Both parties have appealed.

---

purported employer as "Vape 101 Smoke.") Defendant then noted the trial court had "amended the style of this case *sua sponte* in the Expedited Hearing Order . . . to reflect '101 Vape & Smoke, LLC.'" Yet, after Employee's petition was filed, Defendant did not file a motion to dismiss for lack of personal jurisdiction. It participated in mandatory mediation through counsel but did not challenge the jurisdiction of the court or seek to correct the name of Defendant when given an opportunity to identify disputed issues on the dispute certification notice ("DCN") or offer amendments to the DCN. Prior to the issuance of the court's expedited hearing order, Defendant did not file a pre-hearing statement or motion challenging the jurisdiction of the court or indicating Defendant had been misnamed. We conclude that any argument regarding lack of personal jurisdiction has been waived. *See* Tenn. Code Ann. § 50-6-239(b)(1); *Felty v. Chillicothe Realty Co.*, 134 S.W.2d 153, 154 (Tenn. 1939).

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

Tennessee Code Annotated section 50-6-102(11) defines "employer" as "any individual, firm, association[,] or corporation . . . using the services of not less than five (5) persons for pay . . . ." During the expedited hearing, the court had to determine whether Defendant had five or more employees. Thus, we restate the issue as follows: When an employer disputes it is subject to Tennessee's Workers' Compensation Law due to the number of persons employed, can a court consider the total number of people employed by separate but related business entities to reach the five-employee threshold? Employee testified that she believed Defendant operated several different locations and that employees from various locations worked at different stores depending on staffing needs. She identified (by first name only) more than five persons she claimed worked at the stores allegedly operated by Defendant.

In response, Defendant offered testimony from Michael Naguib, who testified he owns a "percentage" of 101 Vape & Smoke, LLC, which is located on South Lowry Street in Smyrna, Tennessee and is the sole location owned by Defendant. He then acknowledged that he owns or partially owns "multiple" other businesses engaged in operating vape shops, but he explained that every location is operated as a separate LLC. He then testified that the store where Employee worked had "below five" employees.[2] Finally, Mr. Naguib acknowledged that, on occasion, workers from one store will cover shifts at other stores.

---

[2] During his testimony, Mr. Naguib identified only one other corporate entity he partially owns that operates a vape store, called "101 Vape, LLC," though he implied there are other similar companies. His testimony failed to provide a complete picture of the relationship between the various LLCs.

He stated this happens once or twice a week "if we are short staffed at that location and we need help." He maintained, however that those workers are not employed by Defendant.

Following the hearing, the trial court issued an order in which it determined that "[w]ithout more [evidence], the Court cannot find [Employee] is likely to prove that [Defendant] employed five or more people." We conclude the preponderance of the evidence supports that finding.

The court then discussed whether it could "consider the three locations collectively in determining the number of employees." To reach a conclusion as to that issue, the court relied principally on Mr. Naguib's testimony in which he described the separate LLCs that operate various vape shops and the practice of loaning employees from one LLC to another. It also cited a case from the Mississippi Court of Appeals, *Southeastern Auto Brokers v. Graves*, 210 So. 3d 1012 (Miss. Ct. App. 2015), upholding a decision of the Mississippi Workers' Compensation Commission in a factually similar case. The court described Defendant's practice in this case as having "[t]he obvious and troubling effect . . . of these three stores all benefit[ting] from the labor of more than five employees while still avoiding the requirement of providing workers' compensation benefits."

In *Garner v. Reed*, 856 S.W.2d 698 (Tenn. 1993), the Tennessee Supreme Court addressed the "five or more" employee requirement. The injured employee worked for an individual who operated an unincorporated restaurant. *Id.* at 699. The restaurant's owner contended it did not have five or more employees and, thus, was not subject to Tennessee's workers' compensation laws. *Id.* Evidence derived from payroll records indicated the defendant had more than five persons who worked at various times during the employee's tenure, but there were never more than four employees at any given time. *Id.* Significantly, the restaurant owner in *Garner* also operated a second unincorporated business, a bar, which purchased food from his restaurant. *Id.* According to the Court, "[t]he two businesses were treated as one on [the owner's] . . . federal income tax return." *Id.*

In analyzing whether the trial court in *Garner* erred in dismissing the employee's case, the Court first explained that "[t]he burden is upon the employee to prove by a preponderance of the evidence that the employer had the requisite number of 'persons regularly employed.'" *Id.* at 700 (internal citations omitted). The court then explained that to be an employee of another for purposes of workers' compensation, "it is . . . required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services [on] behalf of the former." *Id.* The Court also stated that "helpers or gratuitous workers . . . are not to be counted" in determining whether a particular employer has five or more employees. *Id.* at 701.

In reversing the trial court's dismissal of the case, the Supreme Court in *Garner* relied on testimony from the plaintiff indicating that, before her accident, she witnessed a fifth employee (the wife of one of the owners) enter the restaurant, comment that she had

forgotten to "pay herself" for the previous week, then extract money from a bank bag. *Id.* at 702. Another employee corroborated this testimony. *Id.* Thus, the Supreme Court concluded there was sufficient evidence that five or more persons were working at the restaurant *for pay* at the time of the employee's accident. *Id.* Importantly, the Supreme Court then stated, "[t]his conclusion makes it unnecessary for us to decide whether two businesses owned by the same employer can be combined for purposes of counting [employees]." *Id.* at 703.

We have been unable to locate any case, and none has been cited to us, in which a court considered separate LLCs collectively for purposes of determining whether a company had five or more employees and was thus subject to the Workers' Compensation Law. In a 1949 case, the Tennessee Supreme Court affirmed a lower court's finding that the employees of a sawmill, which was owned by the same person who owned a coal mine where the employee was injured, could not be considered for the purpose of determining whether the employer had five or more employees. *Threet v. Cox*, 226 S.W.2d 86, 87 (1949). Yet, in *Buck & Simmons Auto & Electric Supply Co. v. Kesterson*, 250 S.W.2d 39, 42 (1952), the Supreme Court reviewed extensive evidence of the connections between two businesses with common ownership, location, and employees to determine that "there were five or more employees employed by the appellants so as to bring them under the provisions of the [Workers' Compensation Law]." In short, we have no guidance from the Supreme Court addressing under what circumstances the Court of Workers' Compensation Claims can consider the employees of separate LLCs to determine whether a particular employer uses the services of five or more persons for pay and is, therefore, subject to Tennessee's Workers' Compensation Law.

In the present case, based on the record before us, we conclude the preponderance of the evidence supports a finding that Defendant operated a single store at a single location. As noted above, Employee has not come forward with sufficient proof that Defendant employed "five or more persons for pay," as required by section 50-6-102(11). We conclude the second question, therefore, is whether Defendant, by using the services of employees from *other* business entities to further its own business interests, "us[ed] the services of" those other individuals "for pay" during the times they were providing labor for its benefit. Tenn. Code Ann. § 50-6-102(11) (2024). Evidence relevant to this question may include, for example, documentation showing that the other LLCs that loaned workers to Defendant paid those employees regular wages for the time they worked at Defendant's South Lowry Street store, then charged Defendant an amount equal to such wages.[3] Another example of supportive evidence would be if any particular employee who worked for the various business entities produced admissible pay records showing he or she was

---

[3] We do not intend to suggest that such evidence is *required* to support a finding that Defendant used the services of five or more persons for pay, but we merely describe the kind of evidence that could support such a finding. At a future hearing, the court can, of course, consider any admissible evidence relevant to this issue in making that determination.

paid by each of the separate LLCs for such time. *See Am. Sur. Co. of New York v. Clarksville*, 315 S.W.2d 509, 513 (Tenn. 1958) ("[t]he ordinary and usual meaning of the word 'employe[e]' is one who is employed by another and works for wages or salary"). In other words, we conclude the relevant inquiry is not whether various business entities are to be "considered collectively," but whether this particular employer can be considered to have "us[ed] the services of not less than five (5) persons for pay" as of the date of Employee's accident. Tenn. Code Ann. § 50-6-102(11).

In sum, after determining Employee was not likely to prove at trial that Defendant had five or more employees, the trial court sought to determine whether a group of seemingly interrelated companies could nevertheless be held liable for any workers' compensation benefits to which Employee may be entitled. We conclude, however, that the relevant question is whether this particular company, 101 Vape & Smoke, LLC, qualified as an "employer" under Tennessee Code Annotated section 50-6-102(11), and the preponderance of the evidence offered to date does not support a finding that Employee is likely to prevail on this issue at trial.[4] Given this holding, all other issues raised on appeal, including Employee's appeal and Defendant's pending motion to exclude, are pretermitted.

## Conclusion

For the foregoing reasons, we reverse the trial court's interlocutory order regarding the threshold issue of the applicability of Tennessee's Workers' Compensation Law, conclude all other issues are pretermitted, and remand the case. Costs on appeal are taxed to Employee.

---

[4] We note that the Tennessee Bureau of Workers' Compensation ("Bureau") is empowered to investigate any business entity it believes has failed to "[i]nsure and keep insured the employer's liability under [the Workers' Compensation Law]. *See* Tenn. Code Ann. § 50-6-405(a)(1). In accordance with Tennessee Code Annotated section 50-6-411(a)(1), a Bureau compliance specialist, "upon receipt of sufficient information to give reasonable cause that an employer may be in violation of the insurance requirements of this chapter," shall have the authority to "inspect and investigate the places of employment and pertinent conditions; business records, including complete payroll and tax information; certificates of insurance; sign in and sign out sheets for jobsites; and vendor lists," and can "question privately an employer, owner, operator, agent, worker, or employee." Tenn. Code Ann. § 50-6-411(a)(1). Moreover, subsection (c) gives the Bureau the power to "issue and serve subpoenas" to compel "the production of books, documents, or other tangible things that may be relevant, or reasonably calculated, to lead to the discovery of relevant information necessary *to determine whether the employer is subject to this chapter*." Tenn. Code Ann. § 50-6-411(b) & (c)(1)(B) (emphasis added). The record in this case contains nothing to indicate whether such an investigation of Defendant or related business entities has occurred.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Crystal Green

v.

101 Vape & Smoke, LLC

Appeal from the Court of Workers'
Compensation Claims
Dale A. Tipps, Judge

Docket No.  2024-50-3519

State File No.  860183-2024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of October, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|----------------|------------------|---------|-----------|----------|
| Ben M. Rose | | | | X | ben@rosefirm.com |
| Crystal Green | | | | X | krisobunge@yahoo.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov